**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

M.F. AND C.L., Individually, and as
Parents and Guardians of L.F., a minor,

      Plaintiffs,

v.                          Cause No. _____

THE BOARD OF EDUCATION OF
ALBUQUERQUE PUBLIC SCHOOL DISTRICT,
and JACOB LAWLER,

      Defendants.

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TITLE IX VIOLATIONS,
NEGLIGENCE, AND OTHER TORTIOUS CONDUCT**

COME NOW the Plaintiffs, M.F. and C.L., individually and as parents and Guardians of

L.F., a minor, by and through their counsel of record, YOUTZ & VALDEZ, P.C. (Gabrielle M.

Valdez), and Ronald Archibeque and bring the following causes of action pursuant to 42 U.S.C.

§ 1983, 20 U.S.C. § 1681, the Fourteenth Amendment of the United States Constitution, the New

Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1, et seq., and New Mexico common law:

**PARTIES**

1.      At all times relevant to this complaint, Plaintiffs, M.F. and C.L. are the parents of

the minor, L.F. and are residents of Bernalillo County, New Mexico.

2.      Defendant Board of Education of the Albuquerque Public School District

(Hereinafter "APS") oversees the operation of public schools in Bernalillo County, New Mexico,

including Edward Gonzales Elementary School.  Defendant APS is a governmental entity and

local public body as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978,

§§ 41-4-3(B) and (C), as amended. Pursuant to NMSA 1978, § 22-5-4(E), it has the capacity to be sued on behalf of Albuquerque Public School District.  Defendant, APS is responsible for the administration of public schools within its geographic boundaries, including Edward Gonzales Elementary School.  Upon information and belief, at all times material hereto, Defendant APS received federal funding and financial assistance. At all times material hereto, Defendant APS employed Defendant, Jacob Lawler.  Plaintiffs' claims pursuant to the New Mexico Tort Claims Act against Defendant APS arise under NMSA 1978, § 41-4-6. Under the New Mexico Tort Claims Act, Defendant APS is vicariously liable for the acts and omissions of Defendant, Jacob Lawler.  At all times relevant, Defendant APS was responsible for adopting and implementing the policies, customs, and practices of its employees and agents, including Defendant, Jacob Lawler.  Defendant APS is a political subdivision of the State of New Mexico and a "person" under 42 U.S.C. § 1983.

3.      Defendant, Jacob Lawler was, at all times material hereto, employed by APS as a teacher at Edward Gonzales Elementary School.  Upon information and belief, Defendant, Jacob Lawler resides in Bernalillo County, New Mexico.  At all times material hereto, Defendant, Jacob Lawler was a public employee as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3 (F), as amended.  Defendant, Jacob Lawler acted in the course and scope of his duties as an APS employee and under color of state and/or local law.  He is sued in his individual capacity for purposes of Plaintiffs, M.F. and L.V., individually and as parents and guardians of L.F.'s claims brought under 42 U.S.C. § 1983.

4.      With respect to Plaintiffs, M.F. and L.V., individually and as parents and guardians of L.F.'s claims arising under the New Mexico Tort Claims Act, the acts and

omissions complained of herein all constitute a basis for liability against Defendant APS, and come within the scope of the waivers of immunity contained within the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-1, et seq.

5.      With respect to Plaintiffs, M.F. and L.V., individually, and as parents and guardians of L.F.'s claims arising under the New Mexico Tort Claims Act, Defendant, APS received actual notice of Plaintiff, L.F.'s intent to file claims under the New Mexico Tort Claims Act.  Defendant, APS also received timely written notice of Plaintiff, L.F.'s New Mexico Tort Claims Act claims under relevant statutory and substantive due process considerations.  *See* N.M. Const. Art. II, §§ 4 & 18; NMSA 1978, §§ 37-1-10 & 41-4-16(B).

## JURISDICTION AND VENUE

6.      Jurisdiction over the federal claims is proper under 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction over the state claims is proper under 28 U.S.C. § 1367 (a) because the state claims and the federal claims derive from the same common nucleus of operative fact.

7.      Venue is proper in New Mexico pursuant to 28 U.S.C. § 1391(b) because all events giving rise to the claims occurred in this district.

## ALLEGATIONS

8.      Plaintiffs, M.F. and L.V., individually, and as parents and Guardians of L.F. hereby incorporate all of the preceding paragraphs, as if fully stated herein.

9.      L.F. was born in 1999 and was 11 years old at the time of these events. L.F. was enrolled at Edward Gonzales Elementary School, and was in the 5th grade for the school year of 2010-2011.

10.      Edward Gonzales Elementary School is owned and operated by Defendant, APS.

At all times relevant to this complaint, Defendant, APS was responsible for the daily operations of Edward Gonzales Elementary School.

11.     At the time of these events, Defendant, Jacob Lawler was a 5th grade teacher at Edward Gonzales Elementary, and was L.F.'s 5th grade teacher.

12.     During the 2010-2011 school year, Defendant, Jacob Lawler obtained L.F.'s cell phone number while on a school sponsored field trip.

13.     After obtaining L.F.'s cell phone number, Defendant, Jacob Lawler proceeded to engage in an illegal and inappropriate sexual relationship with the minor, L.F. for twelve (12) months.

14.     During that twelve (12) month period Defendant, Jacob Lawler's texting, which included photographs and images, increased in number to the point that towards the end of this illegal relationship, Defendant, Jacob Lawler was sending upwards of 130, 160, or 250 text messages on a given day to the minor, L.F.

15.     Many of the text messages were happening while Defendant, Jacob Lawler was at school, teaching his class at Edward Gonzales Elementary School.

16.     The text messages sent to the Plaintiff, L.F. by Defendant, Jacob Lawler were sexual in nature and even included and/or attached photographs of his genitals.

17.     Defendant, Jacob Lawler used his position of influence and power to convince the Plaintiff, L.F., a minor, to take photographs of her genitals and send them to the Defendant, Jacob Lawler.

18.     Defendant, APS has tolerated and/or encouraged an ongoing, widespread and pervasive culture of inappropriate and abusive behavior.

19.     Defendant, APS had a duty under state law to provide appropriate supervision of its subordinate employees, including Defendant, Jacob Lawler.

20.     Upon information and belief, Defendant, APS has had other incidents involving extremely inappropriate conduct involving teachers with students.

21.     As a result of Defendants APS' and Jacob Lawler's acts and omissions, Plaintiff, L.F. suffered severe damages.

22.     Because of Defendants' outrageous, intentional, reckless, wanton, and/or willful conduct toward Plaintiff, L.F., Plaintiff, L.F. has suffered injuries and damages.

## COUNT I
**(Plaintiff's Claims Against Defendant, Jacob Lawler Pursuant to 42 U.S.C. § 1983)**

23.     Plaintiffs, M.F. and L.V., individually and as parents and Guardians of L.F. hereby incorporate all of the preceding paragraphs, as if fully stated herein.

24.     Plaintiff, L.F. has a right to bodily integrity under the Fourteenth Amendment to the U.S. Constitution.

25.     Defendant, Jacob Lawler deprived Plaintiff, L.F. of her substantive due process right to bodily integrity under the Fourteenth Amendment to the U.S. Constitution.

26.     Defendant, Jacob Lawler deprived Plaintiff, L.F. of her Fourteenth Amendment right to substantive due process by mentally, and emotionally abusing her.

27.     As a state actor, Defendant, Jacob Lawler carried out, in a constitutionally impermissible manner, the functions assigned to him by Defendant, APS and the State of New Mexico.

28.     Defendant, Jacob Lawler engaged in actions and omissions which were egregious,

outrageous or fraught with unreasonable risk.  Such actions harmed Plaintiff, L.F. who was a member of a particular, limited, closed group, namely, a female in elementary school.

29.     Defendant, Jacob Lawler was not involved in a situation demanding split-second judgments.  Instead, Defendant, Jacob Lawler had adequate time for thoughtful deliberation.

30.     Defendant, Jacob Lawler's conduct, as described herein and in the context of the situation, shocks the conscience.

31.     The conduct of Defendant, Jacob Lawler, as alleged herein, was a direct and proximate cause of Plaintiff, L.F.'s injuries and damages.

32.     Defendant, Jacob Lawler's conduct involved intentional misconduct, recklessness, willfulness, and callous indifference to Plaintiff, L.F.'s rights.  As Defendant, Jacob Lawler's conduct was motivated by malice, evil motive or intent, Plaintiff, L.F. is entitled to recover awards of punitive and exemplary damages against Defendant, Jacob Lawler in an amount to be determined at trial.

33.     The constitutional rights violated by Defendant, Jacob Lawler were clearly established prior to May 2011, and any reasonable elementary school administrator, teacher or coach would have been aware that the conduct described herein would violate Plaintiff, L.F.'s constitutional rights.

### COUNT II
### (Plaintiffs' Claim Against Defendant APS Pursuant to 42 U.S.C. § 1983)

34.     Plaintiffs, M.F. and L.V., individually, and as parents and Guardians of L.F. hereby incorporate all of the preceding paragraphs, as if fully stated herein.

35.     Defendant, APS had a duty to exercise due care in the supervision of its staff and

teachers.  In addition, Defendant, APS had a duty to properly screen, hire, train, monitor, supervise and/or discipline staff, teachers and coaches employed by Defendant, APS.  Defendant, APS had a further duty to ensure that staff and teachers were aware of and guided by appropriate policies and procedures related to child safety and the welfare of minor students.

36.    Defendant, APS failed to adequately train and supervise Defendant, Jacob Lawler in his activities.  This failure caused Plaintiff, L.F. to be subjected to the mental, and emotional abuse described above.  Defendant, APS, because it knew or should have known of Defendant, Jacob Lawler's abuse of Plaintiff, L.F., was deliberately indifferent to the constitutional rights of Plaintiff, L.F. as exemplified by its complete failure to protect Plaintiff, L.F., failure to investigate and report the abuse to law enforcement which caused Plaintiff, L.F. to suffer continuing mental and emotional abuse.

37.    The actions and inactions of Defendant, APS, and its supervisors and staff, were the result of a custom or policy which permitted or condoned (reflecting deliberate indifference to Plaintiff, L.F. and other APS students) Defendant, Jacob Lawler's mental and emotional abuse of Plaintiff, L.F.

38.    As a consequence of Defendant, APS' defective supervision and custom or policy, as described herein, Plaintiff, L.F. has been deprived under color of law of the rights, privileges and immunities secured by the Constitution and the laws of the United States, including the right under the Fourteenth Amendment to be free from intrusions into her bodily integrity.

39.    As a direct and proximate consequence of the deprivation of her rights, Plaintiff, L.F. suffered the resultant injuries and damages described herein.

-7-

<u>COUNT III</u>
**(Plaintiffs' Claims against Defendant APS under Title IX (20 U.S.C. §§ 1681-1688)
for Harassment and Retaliation)**

40.     Plaintiffs, M.F. and L.V., individually, and as parents and Guardians of L.F.
hereby incorporate all of the preceding paragraphs, as if fully stated herein.

41.   At all times material hereto, Plaintiff, L.F. was a student at Edward Gonzales
Elementary School, owned, controlled, operated, and administered by Defendant, APS.

42.     The harassment and abuse perpetrated by Defendant, Jacob Lawler against
Plaintiff, L.F. was so severe, pervasive, and objectively offensive that it deprived her of
access to the educational opportunities or benefits provided by the school.

43.     Defendant, APS had actual and/or constructive knowledge that Defendant, Jacob
Lawler was abusing Plaintiff, L.F.

44.     Defendant, APS was deliberately indifferent to the abuse and illegal conduct that
Defendant, Jacob Lawler subjected upon Plaintiff, L.F.

45.     Defendant, APS was deliberately indifferent to the hostile environment that
employees of Defendant, APS and other Edward Gonzales Elementary School students subjected
upon Plaintiff, L.F. while she was in school and/or attended officially sanctioned school activities
and events.

46.     Defendant, APS had the authority and power to remedy the hostile environment
facing Plaintiff, L.F., both before and after the allegations against Defendant, Jacob Lawler
became public, but failed to do so.

47.     Upon information and belief, Defendant, APS had not provided any adequate
instruction or education to Edward Gonzales Elementary School about child abuse upon students

by teachers and staff, or enacted and enforced any policies to prohibit or discourage the type of

hostile environment and behavior that Plaintiff, L.F. was subjected to after the allegations against

Defendant, Jacob Lawler became public.

48.     Upon information and belief, Defendant, APS had not provided any adequate

instruction or education to Edward Gonzales Elementary School teachers and staff about

reporting such child abuse or enacted or enforced any policies to prohibit or discourage the type

of hostile environment or abuse facing Plaintiff, L.F. both before and after the allegations against

Defendant, Jacob Lawler became public.

49.     Defendant, APS acted with deliberate indifference and recklessness with respect

to the hostile environment facing Plaintiff, L.F.

50.     Upon information and belief, at all times material hereto, Defendant, APS

received federal funding and financial assistance.

51.     Defendant, APS had a duty under Title IX, 20 U.S.C. § 1681, to provide an

educational environment in which no student, including Plaintiff, L.F., should be excluded from

education, denied the benefits of education, or discriminated against on the basis of sex.

52.     At all times material hereto, Defendant, APS, acting through its officials,

administrators and employees, maintained customs and policies which permitted, failed to

correct, or condoned harassment and abuse of students by staff, teachers, coaches, and other

students in connection with official school activities.

53.     As a result of these customs and policies, Plaintiff, L.F. was subjected to

invasive, severe and objectively offensive emotional and mental abuse by Defendant, Jacob

Lawler arising out of official school classes and programs. The assaults and batteries upon

Plaintiff, L.F. described above, were the natural and inevitable consequence of officially

sanctioned but effectively unsupervised classes and school activities.

54.     Defendant, APS, and its officials, administrators, supervisors, and employees,

had actual knowledge of the harassment, abuse, and discrimination inflicted upon Plaintiff, L.F.

and others by Defendant, Jacob Lawler, had the authority to address such misconduct, but failed

to adequately respond.  Defendant, APS' acts and omissions, acting or failing to act through its

officials, administrators, supervisors, and employees, amounted to deliberate indifference to the

harassment of, abuse of, and discrimination against Plaintiff, L.F.

55.     Upon information and belief, Defendant, APS failed to properly and adequately

instruct its administrators, supervisors, employees, and contractors as to how to respond to

inappropriate abuse by teachers or staff, or other inappropriate behavior by adult APS employees

toward minor students enrolled in APS schools. Defendant, APS has not developed or

promulgated adequate policies addressing abuse or teachers and staff texting minor students.

The deliberate indifference of Defendant, APS, and its officials, administrators, and employees,

to the acts of abuse, or texting minor students, or reporting, as well as its failure to adopt,

publish, and inculcate appropriate policies regarding such abuse, texting minor students, or

reporting of such abuse, deprived Plaintiff, L.F. of benefits under Title IX, and subjected her to

discrimination on the basis of her sex, female, in violation of Title IX.  It further caused Plaintiff,

L.F. to be excluded from participation in, denied the benefits of, and be subjected to

discrimination on the basis of sex under an education program or activity receiving federal

financial assistance.

56.     As a direct and proximate consequence of the discrimination and violation of

Title IX, Plaintiff, L.F. suffered the resultant injuries and damages described herein.

## COUNT IV
### (Plaintiffs' Claim against Defendant APS Pursuant to the New Mexico Tort Claims Act-NMSA 1978, § 41-4-6)

57.     Plaintiffs, M.F. and L.V., individually, and as parents and Guardians of L.F. hereby incorporate all of the preceding paragraphs, as if fully stated herein.

58.     At all times material hereto, Defendant APS operated Edward Gonzales Elementary School, which Plaintiff, L.F. attended.

59.     Defendants APS and Jacob Lawler, who was acting in the scope of his employment with Defendant, APS, had the duty in any activity actually undertaken to exercise for the safety of others, including Plaintiff, L.F., that care ordinarily exercised by a reasonable, prudent, and qualified person in their position in light of the nature of what was being done.

60.     Defendant, APS had a duty to Plaintiff, L.F. to exercise reasonable care in the maintenance and operation of Edward Gonzales Elementary School and to keep all its educational premises in a safe condition.

61.     Defendant, APS had a further duty to adopt and inculcate reasonable and proper operational policies and procedures concerning the safe operation of Defendant, APS' educational facilities, including appropriate policies and procedures regarding employee training, adequate monitoring and regulation of their employees' activities, and other such policies and procedures as are reasonably necessary to ensure adequate safety in the operation and maintenance of Defendant, APS' educational facilities, such as Edward Gonzales Elementary School, in order to avoid unsafe, dangerous or defective conditions on the premises.

62.     Defendant, APS, in maintaining and operating its premises in a safe condition

necessarily had a duty to supervise its teachers and other employees and to protect its minor students, including Plaintiff, L.F., from abuse, assaults and batteries, from other persons, including Defendant, Jacob Lawler.

63.     Defendant, APS, acting through its administrators, supervisors, employees, and contractors, had the duty to adopt and implement proper safety policies and procedures to protect its minor students, including Plaintiff, L.F., from abuse, assaults and  batteries, or harassment from other persons, including Defendant, Jacob Lawler.

64.     Defendant, APS, acting through its administrators, supervisors, employees, and contractors, had a duty to investigate and act upon any suspicions or reports of improper assaults, abuse, batteries, or harassment by APS' employees or agents against any minor student attending Defendant, APS' schools.

65.     Defendant, APS failed to exercise reasonable care in the maintenance of the premises in a safe condition because it repeatedly ignored the warning signs and the readily observable inappropriate interactions of Defendant, Jacob Lawler toward Plaintiff, L.F.

66.     Defendant, APS failed to use ordinary care to protect Plaintiff, L.F. from the danger posed to her by Defendant, Jacob Lawler.

67.     Defendant, APS breached these duties that it owed Plaintiff, L.F.

68.     Defendant, APS further breached its duties by failing to properly screen, hire, train, monitor, supervise and/or discipline employees of Edward Gonzales Elementary School, such as Defendant, Jacob Lawler, as well as by failing to enforce appropriate policies, procedures and protocols regarding safety in student-teacher interactions, and by otherwise failing to take appropriate and reasonable supervisory actions to correct the potential problems and prevent

the harm and injuries incurred by Plaintiff, L.F.

69.     Defendant, APS is jointly and severally liable for all injuries and damages caused by the actions of its officials and/or employees, including Defendant, Jacob Lawler, pursuant to the doctrines of vicarious liability and respondeat superior.

70.     The above-described conduct of the Defendant, APS was a direct and proximate cause of the injuries to Plaintiff, L.F. and the resultant damages described herein.

### COUNT V.
**(Plaintiff's Common Law Negligence against Defendant, Jacob Lawler)**

71.     Plaintiffs, M.F. and L.V., individually, and as parents and Guardians of L.F. hereby incorporate all of the preceding paragraphs, as if fully stated herein.

72.     Defendant, Jacob Lawler had a duty of care and breached that duty of care with regard to Plaintiff, L.F.

73.     The conduct on the part of Defendant, Jacob Lawler constituted negligence.

74.     As a direct and proximate result of the negligence of Defendant, Jacob Lawler, Plaintiff, L.F. suffered the injuries and resultant damages described herein.

### PRAYER FOR RELIEF

75.     Plaintiffs, M.F. and L.V., individually, and as parents and Guardians of L.F. hereby incorporate all of the preceding paragraphs, as if fully stated herein.

76.     As a direct and proximate result of the wrongful and unlawful acts and omissions of all Defendants, as described above, Plaintiff, L.F. was injured and has suffered and continues to suffer damages, including, but not limited to: physical injuries, anguish, suffering, humiliation, indignities, loss of enjoyment of life, deprivation of constitutional rights, invasion of bodily

integrity, and other incidental, consequential, and special damages.

77.     As a result of the above-described damages and injuries, Plaintiff, L.F. is

entitled to recover an award of full compensatory damages against all Defendants in amounts to

be determined at the trial of this cause.

78.     Plaintiff, L.F. requests damages in an amount sufficient to compensate her for all

injuries and harm she suffered, as well as punitive damages as provided by law, along with costs

of this action, pre- and post- judgment interest as provided by law, reasonable attorneys' fees as

provided by law, and such other and further relief as proves just.

79.     Plaintiffs, M.F. and L.V., individually, and as parents and Guardians of L.F.

request a trial by jury on all issues so triable.

Respectfully submitted,

**YOUTZ & VALDEZ, P.C.**

*Electronically signed /s/ Gabrielle M. Valdez*
Gabrielle M. Valdez, Esq.
900 Gold Ave. SW
Albuquerque, New Mexico 87102
(505) 244-1200
(505) 244-9700 - Fax

And

Ron Archibeque, Esq.
Archibeque Law Firm
Post Office Box 94837
Albuquerque, New Mexico 87199
(505) 750-2363
(505) 792-6084 - Fax
*Attorneys for Plaintiffs*